Katherine Clark filed suit against Chrysler seeking compensatory and punitive damages for fraudulent deceit because Chrysler did not advise her of her right to Workmen's Compensation. On motion, the trial court granted summary judgment in favor of Chrysler. We affirm.
Katherine was employed by Chrysler on May 2, 1967, and worked as a machine operator on the radio assembly line through April 19, 1973. On April 23, she filed a claim for sickness and accident benefits. Chrysler's insurer, Aetna Casualty and Surety Company, paid her $100 per week for one year, and then paid her $350 per month. She was entitled to this monthly payment as Extended Disability benefits until March, 1979. However, this payment was reduced by Aetna when Clark was awarded Social Security disability payments.
Clark's complaint alleges that she contracted "occupational pneumonoconiosis" on April 19, 1973. She claims that she thought the Extended Disability payments were Workmen's Compensation, until she was informed by a doctor in Lackawanna, New York in July, 1974 that they were not. Her complaint alleges that Chrysler suppressed the fact that it was under an obligation to advise her of her right to Workmen's Compensation benefits. Fraudulent deceit is the basis of the suit.
The trial court found as a matter of law that the employer did not have any obligation to advise the employee that she could file a claim for Workmen's Compensation. We agree with this finding.
Compensation rights and remedies for occupational pneumonoconiosis are governed by Article 2A, §§ 313 (1)-313 (16), T. 26, Code of Alabama. Specifically, § 313 (16) excludes all other rights and remedies of an employee for contraction of the disease; and time for filing a claim for the compensation is governed by § 313 (10). There is no language in the Article that indicates, or even suggests, that the employer is under an obligation to advise an employee of Workmen's Compensation benefits. On the contrary, it is the employee who must take the initiative. Notice to the employer — filing a claim — these are the duties of the *Page 903 
employee. It is he who has the burden of going forward to collect compensation benefits under the statute.
Under the posture of this case we pretermit discussion of whether the statute of limitations tolled because of the payments received by Clark. In other words, we do not decide the question of whether those payments were compensation, or in lieu of compensation. The sole question here is whether an employer is under an obligation to advise an employee of Workmen's Compensation benefits. We hold that he is not. The order of the trial court granting summary judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES, and BEATTY, JJ., concur.
BLOODWORTH, JONES, ALMON and EMBRY, JJ., not sitting.