This is a workmen's compensation case.
Ronnie Cochran, employee, was injured on May 21, 1983 while driving a race car at the Mobile International Speedway. Ronnie filed suit in circuit court by and through his wife and next friend, Deborah Cochran, against his employer, Richard Kennedy d/b/a Richard's Garage, claiming compensation and medical benefits under the Alabama Workmen's Compensation Act. Mutual Security Life Insurance Company (Mutual), employee's group life and health insurer, paid employee almost $282,000 for reasonable and necessary medical expenses incurred by employee as a result of his injuries. Mutual filed a motion to intervene, based on its coverage of employee under the group insurance policy. The trial court granted this motion.
On December 28, 1984 the trial court issued its findings of fact and conclusions of law. The trial court found that employee was rendered totally and permanently disabled as a result of injuries sustained while employed by his employer, Richard Kennedy. The trial court awarded employee permanent disability benefits and medical expenses to be paid by employer's workmen's compensation carrier. The trial court also ordered employer to reimburse Mutual for the $282,000 it provided to employee for his medical expenses, due to an exclusion in Mutual's insurance policy for persons entitled to workmen's compensation benefits.
On February 22, 1985 the trial court issued amended findings of fact and conclusions of law. In the amended judgment the trial court found that two documents presented by employer, purporting to release employer prospectively from liability under the workmen's compensation act, were void as against public policy.
Employer petitions this court for review by writ of certiorari. The issues on review are: (1) whether employee suffered injuries by an accident arising out of and in the course of his employment, (2) whether employee waived his right to recover workmen's compensation benefits by signing two purported releases, (3) whether the trial court erred in ordering employer to reimburse Mutual for amounts it paid employee for medical expenses.
It is established that in order for an accident to be compensable under the workmen's compensation act the accident must *Page 874 
arise out of and in the course of employment. § 25-5-31, Code 1975; see also Anderson v. Custom Caterers, Inc., 279 Ala. 360,185 So.2d 383 (1966). Whether an accident "arose out of and in the course of employment" depends upon the facts and circumstances of each case. Massey v. United States SteelCorp., 264 Ala. 227, 86 So.2d 375 (1955).
"[T]he phrase `arise out of' employment refers to employment as the cause and source of the accident." Generally,
 "[T]he phrase `in the course of his employment' refers to the time, place and circumstances under which the accident took place. An injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in doing something incident to it."
Massey v. United States Steel Corp., supra (citations omitted). We have stated that where the employee's acts are incident to his employment or where there is a benefit to the employer compensation may be awarded. Lauderdale County Coop., Inc. v.Shook, 376 So.2d 199 (Ala.Civ.App. 1979).
The trial court determined that employee's accident arose out of and in the course of his employment. Employer contends that the trial court erred in so finding.
Our review on writ of certiorari is limited to a determination of whether there is any legal evidence to support the trial court's findings. See, e.g., Taylor v. United StatesSteel Corp., 456 So.2d 831 (Ala.Civ.App. 1984). The facts pertinent to our review are as follows.
Employee was employed by Richard Kennedy, owner of Richard's Garage and Wrecker Service. Richard's Garage supplied wrecker service at the Mobile International Speedway. On Saturday nights Richard's Garage would transport wreckers and a race car to the speedway around 5:30 p.m. Employee then responded to calls for wrecker service and drove the race car on the speedway when he was not on call. Employer stated several times during trial that employee's work was to operate the wrecker and drive the race car. Employer also stated that he never told employee that he had to drive the car as part of his employment.
On the date of the accident employee arrived for work at the speedway around 5:30. Employee received no calls for wrecker service and, therefore, drove the race car. While racing on the speedway, employee's car collided with another race car.
Clearly, employee's accident occurred in the place of his employment, since he was required to be at the speedway on the date of the accident. The accident also occurred during the period of his employment, since it occurred during the hours that employee was required to be at work. Although there is a conflict in the evidence as to whether employee was reasonably fulfilling duties of his employment, we note that the trial court's decision in this regard is conclusive. Suit v. HudsonMetals, Inc., 414 So.2d 115 (Ala.Civ.App. 1982). We also note that all reasonable doubt in the evidence must be resolved in favor of the employee. Riley v. Perkins, 282 Ala. 629,213 So.2d 796 (1968). We, thus, hold that there was legal evidence to support the trial court's conclusion that employee's accident arose out of and in the course of his employment.
Moreover, our cases have set forth the following criteria to be considered in determining whether an activity is within the course of employment:
 "(1) The customary nature of the activity. (2) The employer's encouragement or subsidization of the activity. (3) The extent to which the employer managed or directed the [activity]. (4) The presence of substantial pressure or actual compulsion upon the employee to attend and participate. (5) The fact that the employer expects or receives a benefit from the employees' participation in the activity. . . . Nor, indeed, is the foregoing *Page 875 
enumeration meant to be exclusive of other factors which might appear in a given case. What is required in each case is an evaluation of the significance of each factor found to be present in relation to the enterprise as a whole. Upon such an evaluation must the decision as to the closeness of the connection between the employment and the [activity] ultimately rest."
Moore's Case, 330 Mass. 1, 110 N.E.2d 764 (1953) (citations omitted), quoted with approval in Wooten v. Roden, 260 Ala. 606, 71 So.2d 802 (1954).
In the case before us employer admitted that he directed employee's activities on the date of the accident, in that employee was not permitted to race the car unless he did not receive any calls for wrecker service. The race car belonged to employer and all parts and equipment used for the car were furnished by employer. Employees at Richard's Garage maintained and repaired the race car during working hours. Employer received any money awarded by the speedway for the car's performance. The wrecker and the race car had "Richard's Garage" painted on the side and were painted the company colors. The wreckers and race car were announced on the speedway's loudspeaker. Employee wore a T-shirt while racing bearing employer's logo and wore a helmet supplied by employer. Employer admitted that this car was used for advertising purposes. Further, employee was paid a fixed salary regardless of whether he drove a wrecker or a race car. Thus, at the very least, employer acquiesced to employee's driving the race car while on the payroll. Upon an evaluation of the above factors, we conclude that a sufficient causal connection between employee's injuries and his employment existed to justify recovery under the workmen's compensation act. See TruckInsurance Exchange v. Industrial Commission, 22 Ariz. App. 158,524 P.2d 1331 (1974) (auto salesman who was injured while driving race car entitled to workmen's compensation benefits after an application of factors similar to those listed above).
Employer contends, however, that even if employee's injuries are compensable employer is not liable because employee signed two documents releasing employer from any liability for injuries suffered on the race track.
Under section 25-5-56, Code 1975, a settlement by the parties must be in the same amount as the benefits that an employee is otherwise entitled to under the workmen's compensation act. A settlement by the parties for less than the amount or benefits stipulated under the act must be approved by the trial court.Phillips v. Opp Micolas Cotton Mills, Inc., 445 So.2d 927
(Ala.Civ.App. 1984). Thus, it would appear that if a party is prohibited from settling his claim against his employer for less than the benefits stipulated in the act, then an employee should likewise be unable to waive such benefits. In fact, the district court in Griffith v. Alabama By-Products Corp.,120 F. Supp. 219 (N.D.Ala. 1954), so held. In Griffith v. AlabamaBy-Products Corp., supra, the court held that employee's attempted waiver of workmen's compensation benefits was "contrary to the letter and spirit of the Alabama Workmen's Compensation Act."
Our courts have observed that "no contract or agreement can modify a law, the exception being where no principle of public policy is violated parties are at liberty to forego the protection of the law." Bell v. General American TransportationCorp., 52 Ala. App. 123, 290 So.2d 184 (1973), writ quashed,292 Ala. 708, 290 So.2d 189 (1974). In Bell v. General AmericanTransportation Corp., supra, we stated that the Alabama legislature in enacting the workmen's compensation law declared a principle of public policy that employees be covered by this law. Thus, any attempt to modify the act's provision by contract or agreement would abrogate this act and its purpose.
In Martin v. Republic Steel Co., 226 Ala. 209, 146 So. 276
(1933), our supreme court held that an employment contract in which employee agreed to hold employer harmless for injuries could not shield employer *Page 876 
from liability under the workmen's compensation act. See also
dissenting opinion in Meeks v. Opp Cotton Mills, Inc.,459 So.2d 814 (Ala. 1984). Further, the Supreme Court of Minnesota in Wass v. Bracker Construction Co., 185 Minn. 70, 240 N.W. 464
(1931), stated that "[a]n employee entitled to compensation cannot contract away that right. A contract . . . that in case of injury [employee] should not get [workmen's] compensation, . . . would be void as against public policy." See also,Schneider v. Salvation Army, 217 Minn. 448, 14 N.W.2d 467
(1944). We find these cases persuasive in the matter before us, as Alabama Workmen's Compensation laws have been adopted from Minnesota Workmen's Compensation laws. Brunson Milling Co. v.Grimes, 267 Ala. 395, 103 So.2d 315 (1958).
We, therefore, conclude that the trial court properly held that the releases in question were void as against public policy.
As a final ground for reversal, employer contends that the trial court erred in awarding a judgment in favor of Mutual requiring that employer reimburse Mutual for payments it made to employee. The trial court made this award on the basis of an exclusion in Mutual's policy for injuries compensable under the workmen's compensation act.
Employer alleges that Mutual's exclusion is ambiguous in that it uses the term "Worker's Compensation Law" rather than "Workmen's Compensation Law." Employer further alleges that a conflict exists between Mutual's exclusion provision and its coordination of benefits provision.
Mutual's policy provides for coordination of benefits between Mutual's benefits and benefits provided under other insurance plans. "Plan" is defined to include any coverage required by law. Thus, employer asserts that because employer is required by law to provide workmen's compensation coverage, Mutual is required under its policy to coordinate its benefits with employee's workmen's compensation benefits, notwithstanding the exclusion provision. Employer further contends that section25-5-77, Code 1975, requires that Mutual be primarily liable for employee's medical expenses and that employer be liable for the deficiency only.
We find employer's contentions completely without merit. Insurance contracts are not to be construed so technically as to defeat the parties' intentions, nor may ambiguities be created by twisted and strained reasoning. Insurance Company ofNorth America v. Black, 606 F.2d 650 (5th Cir. 1979). Here, we conclude that Mutual's exclusion could be susceptible of only one interpretation — that the policy excluded coverage for injuries compensable under the workmen's compensation act. The exclusion further does not appear to conflict with Mutual's coordination of benefits provision or any other provisions contained in the policy. Mutual's policy provides throughout that benefits under its policy are provided only on a non-occupational basis (except for accidental death and dismemberment). There can be no doubt that Mutual's policy does not provide coverage for injuries compensable under workmen's compensation. The policy clearly does not require a coordination of benefits between Mutual's benefits and employee's workmen's compensation benefits.
Nor was the trial court required to apply section 25-5-77, Code 1975, to coordinate benefits between Mutual and employer's workmen's compensation carrier since Mutual is not liable to employee for his medical expenses due to Mutual's exclusion.
Accordingly, the trial court's judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 877