I respectfully dissent from the holding of the majority.
In the present case the employee claims that his employer and insurance carrier failed to provide him with medical and compensation benefits and failed to comply with the reporting requirements.
The employee claims that his employer and insurance carrier acted in bad faith by failing to provide him with medical and compensation benefits even though he had not filed a claim forsame.
Contrary to appellant's argument, there is no obligation on the part of the employer to seek out and pursue claims on behalf of injured employees. On the contrary it is the employee who must take the initiative. It is the duty of the employee to give notice to the employer and to file a claim. The employee has the burden of going forward to collect compensation benefits. Clarkv. Chrysler Corporation, 342 So.2d 902 (Ala. 1977).
Even though the majority holds "that Luckett may recover if he can prove his claim," there are no conceivable set of circumstances under which he can succeed, unless the Court is instructing the lower court to ignore our Worker's Compensation laws. It is apparent from the start that Mr. Luckett has no case. All this Court is doing is giving Mr. Luckett false hope and subjecting him to needless additional legal expense and wasting valuable court time that might best be used on meritorious cases. *Page 292 
I am of the opinion that the decision of the lower court dismissing the complaint should be affirmed.