This is a workmen's compensation case.
Both parties moved for summary judgment on the issue of whether the employee was injured in an accident that arose out of and in the course of her employment.
The trial court granted the employee's motion, finding that the employee's injury was caused by an accident arising out of and in the course of her employment.
The employer appeals and we affirm.
We note that, since there is no dispute as to the facts in this case, the dispositive issue on appeal is whether the trial court erred in concluding that the accident which resulted in the employee's injury arose out of and in the course of her employment. See Elliott v. Board of Equalization Adjustment,469 So.2d 602 (Ala.Civ.App. 1984).
We also note that, in workmen's compensation cases if there is any legal evidence to support the trial court's findings, those findings will not be disturbed on appeal. Eddie Wallace'sGarage v. Arreaga, 406 So.2d 405 (Ala.Civ.App. 1981).
The record reveals the following:
The employee lived in Russellville, Alabama, where she had worked for approximately five years at the local Winn-Dixie grocery store. The employee was informed by her employer that she would be working the first three days of the following week at the Winn-Dixie store in Moulton, approximately thirty miles from Russellville. She was also informed that an employee from a store in Florence would also be on "temporary assignment" in Moulton and that the two of them should arrange to travel to and from Moulton for those three days together. The two employees made such arrangements and each morning would meet at the Winn-Dixie in Russellville, traveling from there in one car to the Moulton store and then back to the Russellville store at the end of the day.
Although the employee in this case was not compensated for the time she traveled to and from Moulton, she was required to clock in at the distant store in Moulton at her regular time of 7:00 A.M. In her deposition she stated that there had been only one other time during her five-year employment that she had worked at a store other than the one in Russellville.
After her last day on temporary assignment in Moulton, the employee was injured in a car accident as she was returning with the other employee from the Moulton store back to the Russellville store. They had met at the Russellville store that morning to carpool. The accident occurred approximately midway between the two cities in the vicinity of Newburg.
The employee filed suit for workmen's compensation benefits as a result of the injury caused by that accident. As indicated, summary judgment was entered in her favor, the only contested issue being whether the accident arose out of and in the course of her employment.
The employer contends on appeal that the trial court erred in concluding that the accident arose out of and in the course of the employee's employment. We disagree.
It is true, as a general rule, that accidents which occur while the employee is traveling to and from work are not considered "arising out of and in the course of" his employment. Barnett v. Britling Cafeteria Co., 225 Ala. 462,143 So. 813 (1932). There are, however, several well-established exceptions to the general rule. See AmericanAutomobile Insurance Co. v. Hinote, 498 So.2d 848
(Ala.Civ.App. 1986). *Page 718 
It has long been the law in Alabama, for example, that, where an employee during his travel to and from work is engaged in some duty for his employer which is in furtherance of the employer's business, accidents occurring during such travel arise out of and in the course of employment. Patterson v.Whitten, 57 Ala. App. 297, 328 So.2d 301 (Ala.Civ.App. 1976).
The employer contends that the instant case does not fall within the exception to the general rule known as the "dual purpose" doctrine. The dual purpose doctrine recognizes that accidents occurring during travel to and from work "arise out of and in the course of employment if the trip involves performance of a service for the employer which would havenecessitated a trip by someone if the employee had been unable to perform that service in connection with his personal journey." See Eddie Wallace's Garage, 406 So.2d at 406 (emphasis supplied).
As noted in Professor Larson's treatise on workmen's compensation, Judge Cardozo's formula respecting this dual purpose doctrine has not been improved upon. Judge Cardozo said: "The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. . . ." See A. Larson, 1 The Law of Workmen'sCompensation § 18.12, at 4-252 to 253 (1985) (citing Marks'Dependents v. Gray, 251 N.Y. 90, 93, 167 N.E. 181, 183 (1920)).
While we do not necessarily agree that to characterize this case as falling under that exception alone is dispositive, we nevertheless believe that the doctrine has some application to the case at bar. That is, the employer required the employee to travel to the Moulton store when the employee had been living in Russellville for five years and working at the local store there. That trip was necessitated by the furtherance of the employer's business, and that temporary assignment created just that necessity for travel referred to by Judge Cardozo.
We believe, however, that the "special errand" exception is more closely applicable to the instant facts. Larson puts it this way:
 "The special errand rule may be stated as follows: When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself."
A. Larson, id., § 16.11, at 4-124 (emphasis supplied).
In analyzing this "special errand" exception, Larson focuses on several factors that should be taken into account when determining whether a specific case falls within the parameters of the exception. Larson notes that such factors as the irregularity or unusualness of the special errand, as well as the onerousness of the journey itself, are persuasive facts supporting the application of the special errand rule. Seegenerally A. Larson, id., § 16.13.
He also notes the following:
 "Although a demonstration that travel time was specifically paid for is one of the most reliable ways of making a case for the compensability of a going or coming trip, and is ordinarily sufficient in itself to support such a finding, the fact that the employee is not paid for his travel does not mean that the trip was not in the course of employment. Payment for time is only one of the evidences that the journey itself was part of the service; other grounds for reaching this conclusion are discussed throughout this section."
A. Larson, id., § 16.23 at 4-180.
Among those other grounds is the actual length of the journey itself. To wit:
 "[W]hen the subject of transportation is singled out for special consideration it is normally because the transportation involves *Page 719 
a considerable distance, and therefore qualifies under the rule herein suggested: that employment should be deemed to include travel when the travel itself is a substantial part of the service performed.
 "The sheer size of the journey is frequently a factor supporting this conclusion, as in the successful cases involving trips of eight miles, 20 miles, 22 miles, 30 miles, 50 miles, 54 miles, 60 miles, 105 miles, 120 miles, 130 miles, and 200 miles."
A. Larson, id., § 16.31 at 4-181, 200.
Thus, that the employee's temporary assignment in Moulton was not within the regular or usual duties of her employment, that the temporary assignment involved a round trip of some sixty miles each day, and that the employer initiated a carpool for the employee are all pertinent and persuasive facts supporting the conclusion that the employee's accident arose out of and in the course of her employment.
In addressing these types of cases involving exceptions to the general rule that normal travel to and from work is not covered by workmen's compensation, we have often referred to the following statement of the supreme court.
 "Every case involving these words should be decided upon its own particular facts and circumstances and not by reference to some formula. But it is usually said that the phrase 'arise out of' employment refers to employment as the cause and source of the accident. . . . We have said that the phrase 'in the course of his employment' refers to the time, place and circumstances under which the accident took place. An injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in some incident to it."
Massey v. United States Steel Corp., 264 Ala. 227, 230,86 So.2d 375, 378 (1955).
The facts in this case support the trial court's legal conclusion that the employee's accident arose out of and in the course of her employment.
To reiterate: The employee had lived in Russellville for five years while working at the local Winn-Dixie store. She had only had one other temporary assignment during that period. She was informed by her employer that she would be working in a distant store and required to clock in at her normal working hour at that store location thirty miles away. Finally, her employer helped her to arrange a carpool back and forth from Russellville to the Moulton store with another Winn-Dixie employee under a similar temporary assignment. These facts support the trial court's conclusion in this case.
In view of the above, the trial court did not err in rendering a summary judgment in favor of the employee in this case.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.