This is a workmen's compensation case.
Leonard O. Partin was a superintendent of stores for Alabama Power Company (APCo). Partin was provided with a company vehicle, because his employment required that he be available to APCo 24 hours a day. Partin was allowed to use the APCo car for commuting and other limited personal use.
While driving the APCo vehicle in February 1989, Partin was involved in an accident in which he alleges injury. Partin was returned to work in May 1989. His job performance was satisfactory until April 1990, when he began suffering performance problems. At that time, Partin initiated this disability claim, alleging that he suffers from post-concussive syndrome and seeking workmen's compensation benefits. APCo placed him on extended unpaid sick leave in September 1990.
APCo challenged Partin's eligibility for workmen's compensation benefits on two grounds. First, APCo contended that Partin's accident did not arise out of or occur in the course of his employment. Second, APCo argued that the injuries claimed by Partin did not impair his ability to work. The trial court entered a judgment for APCo in September 1991, and Partin appeals.
Although the nature and extent of Partin's injuries were disputed, Partin's only issue on appeal concerns the trial court's ruling that he failed to prove a compensable injury arising out of and in the course of his employment with APCo.
The applicable standard of review in workmen's compensation cases is two-pronged. Initially, we must determine if there is any legal evidence to support the trial court's findings; if such evidence is found, then we decide whether any reasonable view of that evidence supports the trial court's judgment.Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala. 1991).
Partin concedes that accidents suffered while the employee is travelling to or from work are generally not considered as arising out of and in the course of the employment. Sun Papers,Inc. v. Jerrell, 411 So.2d 790 (Ala.Civ.App. 1981). Partin asserts, however, that the "dual purpose" doctrine recognizes an exception to this rule:
 "It has long been the law in Alabama, for example, that, where an employee during his travel to and from work is engaged in some duty for his employer which is in furtherance of the employer's business, accidents occurring during such travel arise out of and in the course of employment."
Winn-Dixie Stores, Inc. v. Smallwood, 516 So.2d 716, 718
(Ala.Civ.App. 1987).
Partin argues that this dual purpose was served, because he was given the APCo car because his employment required him to be "on call" to APCo, i.e., available to APCo 24 hours a day. Partin contends that APCo benefited by his readiness to respond to emergencies outside of normal working hours.
We find Partin's argument to be unpersuasive. Our Supreme Court recognized:
 "There is a difference between being on duty, and being on call. Even though an employee is subject to call, he is not on duty unless it be shown that he has been called and is responding to a duty to his employer in setting out on his trip to the site of his employment."
Union Camp Corp. v. Blackmon, 289 Ala. 635, 640, 270 So.2d 108,112 (1972).
The record reveals the following undisputed facts: that Partin was returning *Page 618 
home from work on the day in question; that he was "off-duty"; that he detoured to provide his wife transportation home from her workplace; that they were involved in an automobile accident; that Partin was driving the APCo car; that APCo required that Partin be responsible for personal use mileage of the car; that Partin included his commuting mileage as personal use; and that Partin reported such personal use for income tax purposes.
The record clearly shows that Partin was not furthering any business objective of his employer in such personal use of the APCo vehicle. Therefore, the dual purpose doctrine does not apply. The evidence unquestionably supports the trial court's determination that Partin's accident did not arise out of or occur in the course of his employment. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.