Wilma Terry, administratrix of the estate of Wade Terry, brought this action to recover benefits from NTN-Bower Corporation under the Workmen's Compensation Act of Alabama. NTN-Bower answered the complaint and subsequently filed a motion for summary judgment. The trial court granted NTN-Bower's motion. Terry appeals.
Terry asserts that the trial court erred in granting NTN-Bower's motion for summary judgment.
Summary judgment is proper only where there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ. P.; SouthernGuar. Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala. 1989). The moving party bears the burden of proof. Where the nonmovant produces substantial evidence to support its position, summary judgment cannot be granted. Economy Fire Cas. Co. v. Goar,551 So.2d 957 (Ala. 1989). Substantial evidence is "evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact to be proven."Economy Fire Cas. Co.
The undisputed facts are as follows. Wade Terry was an employee of NTN-Bower and had been so employed for approximately 15 years. Terry worked the late shift, from 11:00 p.m. until 7:00 a.m. On January 24, 1990, Terry parked his vehicle in the parking lot adjacent to Hamilton Bar-B-Que, directly across Highway 78 from the NTN-Bower plant. Highway 78 is a four-lane public highway on which the speed limit immediately in front of the plant is 45 miles per hour. While crossing Highway 78, at approximately 10:45 p.m., Terry was struck by a vehicle and killed.
NTN-Bower's motion for summary judgment was based on the premise that Terry's accident did not arise out of or in the course of his employment with NTN-Bower.
By affidavit, in support of summary judgment, Paul Miller, NTN-Bower's human resource supervisor, explained that NTN-Bower has a designated employee parking lot on the same side of the highway as its plant, immediately adjacent to the plant, where employees are encouraged to park. The parking lot is manned by a guard 24 hours a day. NTN-Bower has no *Page 631 
lease or other arrangement with the owner of Hamilton Bar-B-Que to allow NTN-Bower employees to park there. NTN-Bower owns no property on the side of the highway where Hamilton Bar-B-Que is located. At the time of his death, Terry was not performing any business or work on behalf of NTN-Bower.
In opposition to NTN-Bower's motion, Terry submitted the affidavit of Walt Johnson, the former owner of the property where Hamilton Bar-B-Que is located. Johnson stated that
 "employees from NTN-Bower, including Wade Terry, regularly parked in the parking areas at Hamilton Bar-B-Que and the parking areas adjacent thereto. These people would cross Highway 78 and use the walkway that extended from Highway 78 to the front door of the plant to enter NTN-Bower. The walkway was removed immediately after Mr. Terry was killed."
Johnson further stated that "[m]anagers and supervisors at NTN-Bower were aware that employees parked across the road and used the walkway to enter the front of the plant." The trial court determined Johnson's last statement to be hearsay and properly excluded it.
In granting NTN-Bower's motion for summary judgment, the trial court found that there was no disputed issue of material fact, that Terry's death did not arise out of or in the course of his employment, and that NTN-Bower was entitled to judgment as a matter of law.
Employees' injuries are compensable if the accident arose out of and occurred in the course of employment. § 25-5-1, Code 1975. The general rule is that accidents that occur while an employee is traveling to and from work are not compensable because they fail to meet the requirements of § 25-5-1, Code 1975. There are exceptions to the general rule. Such exceptions include situations where the employer furnishes the employee transportation or reimburses him for his travel expenses, Minorv. Alabama Specialties, Inc., 598 So.2d 938
(Ala.Civ.App. 1992); where the accident occurs on the employer's property or on public property that is tantamount to the employee's ingress to and egress from the employer's property, Hughes v.Decatur General Hospital, 514 So.2d 935 (Ala. 1987); or where the employee is injured crossing a public street between the main premises of the employer and the parking lot owned by the employer. Hughes.
The facts of this case do not lend themselves to an application of one of the exceptions. It is clear from the record that NTN-Bower made a prima facie showing that Terry's death did not arise out of or in the course of his employment. Furthermore, Terry failed to present substantial evidence to rebut the evidence of NTN-Bower and show a genuine issue of material fact. NTN-Bower was entitled to judgment as a matter of law.
The trial court's grant of summary judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.