On October 27, 1993, Susan Tucker, the widow of Ernest Allen Tucker, filed a complaint against Die-Matic Tool Company, Inc. (Die-Matic), in the Madison County Circuit Court, seeking compensation benefits pursuant to § 25-5-60, Ala. Code 1975, for her husband's death in a traffic accident on March 3, 1993.[1] She alleged that the accident had occurred while Mr. Tucker was working in the line and scope of his employment with Die-Matic and that it caused him to suffer fatal injuries arising out of and in course of his employment.
On November 19, 1993, Die-Matic answered, denying that Mr. Tucker's death had been caused by an accident arising out of and in the course of his employment.
On February 4, 1994, Die-Matic moved for a summary judgment, arguing that Mr. Tucker's death had resulted from injuries he had sustained in a traffic accident on March 3, 1993, as he drove home after completing his work at Die-Matic for the day. In support of its motion for summary judgment, Die-Matic attached the affidavit of its president, James D. Gaston.
On April 11, 1994, Mrs. Tucker filed a motion in opposition to Die-Matic's motion for summary judgment, alleging that at the time of his fatal injury, Mr. Tucker had been delivering parts to Specialty Heat Treating, Inc. (Specialty), for Die-Matic. She supported this allegation with the depositions of Mike Adams and Stanley Harbin, employees of Specialty; her own affidavit; and the affidavit of Ralph E. Hatcher, an investigator for the Huntsville Police Department.
Following a hearing, the trial court, on May 18, 1994, granted Die-Matic's motion for summary judgment. The trial court's order stated, in pertinent part:
 "[T]he Court finds it to be undisputed that the deceased employee, Ernest Tucker, was traveling from his employment to his home at the time of the accident [that] took his life. It is well settled in this state that accidents which occur while [an] employee is traveling to and from work do not arise out of and in the course of his employment.
 "In this case, [Mrs. Tucker] contends that an exception to this general rule applies in this case based on the plaintiff's claim that Earnest Tucker was delivering parts for [Die-Matic] as a part of his travel home from work.
 "This exception was recognized in the case of Patterson v. Whitten, 57 Ala. App. 297, [328 So.2d 301] (1976), wherein the Court upheld the widow's claim for death benefits under the Workmen's Compensation Act where her husband was killed in an automobile accident while driving his employer's automobile traveling home from work. In that case, the Court found that the employer had instructed
the employee to take a specific route home in delivering the automobile and further found that '. . . the fact that the employee was so instructed to be determinative here.'
 "In the instant case, the evidence is undisputed that the employer did not instruct Earnest Tucker to deliver any parts on his way home; that Earnest Tucker volunteered to deliver the parts on his way home; that a delivery truck would have picked up the parts the next day; and that this delivery was not a normal duty or responsibility of Earnest Tucker's employment.
 "Accordingly, this Court concludes that the accident which took the life of Earnest *Page 265 
Tucker was not an accident which arose out of and in the course of his employment and is not compensable under the Workmen's Compensation Act of Alabama."
(Emphasis in original.) The trial court entered the summary judgment. On June 7, 1994, Mrs. Tucker moved to set aside the summary judgment. The trial court denied her motion on the next day.
Mrs. Tucker appeals, contending that the trial court erred in entering the summary judgment against her. She argues that Mr. Tucker's injuries arose out of and in the course of his employment, because, she says, he was "engaged in some duty to his employer in connection with his employment" at the time he was fatally injured.
An appellate court reviewing a summary judgment employs the same standard utilized by the trial court. Southern Guar. Ins.Co. v. First Alabama Bank, 540 So.2d 732 (Ala. 1989). A summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. Further, the moving party bears the burden of proof. Jones v.Newton, 454 So.2d 1345 (Ala. 1984). Like the trial court, the appellate court views the evidence and resolves all reasonable doubts in favor of the nonmovant. Specialty Container Mfg.,Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala. 1990).
Pursuant to § 25-5-1, Ala. Code 1975, an employee's injuries are compensable if his accident arose out of and in the course of employment. Generally, accidents that occur while an employee is traveling to and from work are not compensable because they fail to meet the "arising out of and in the course of employment" requirement. Sun Papers, Inc. v. Jerrell,411 So.2d 790 (Ala.Civ.App. 1981). Here, it is clear that the accident occurred while Mr. Tucker was traveling from work.
However, there are exceptions to that general rule. For example, in situations where the employer furnishes the employee's transportation, or reimburses him for his travel expenses, the accident may be deemed to have arisen out of and in the course of employment. Worthington v. Moore Elec. Co.,563 So.2d 617 (Ala.Civ.App. 1990).
Another exception to the general rule occurs when "an employee during his travel to and from work is engaged in some duty for his employer which is in furtherance of the employer's business." Partin v. Alabama Power Co., 615 So.2d 616, 617
(Ala.Civ.App. 1992) (quoting Winn-Dixie Stores, Inc. v.Smallwood, 516 So.2d 716, 718 (Ala.Civ.App. 1987)). This exception, also known as the "dual capacity" or "dual purpose" exception, applies whenever an employee's travel benefits both the employee and the employer, " 'if the trip involves performance of a service for the employer which would have necessitated a trip by someone if the employee had been unable to perform that service in connection with his personal journey.' " Winn-Dixie Stores, Inc. v. Smallwood,516 So.2d 716, 718 (Ala.Civ.App. 1987) (quoting Eddie Wallace's Garagev. Arreaga, 406 So.2d 405, 406 (Ala.Civ.App. 1981)). It was undisputed that at the time of his fatal accident, Mr. Tucker was driving toward Athens with parts from Die-Matic that were to be taken to Specialty. Although Gaston stated in his affidavit that Mr. Tucker had told him that he would take the parts to Specialty on the way to work the following morning, Investigator Hatcher stated in his affidavit that "the officers of [Die-Matic]" related to him "that Mr. Tucker had been transporting [items owned by Die-Matic], at the time of the accident, to a location in or near Athens, Alabama, to be worked on." In either case, it is clear that Mr. Tucker's trip was for the dual purpose of getting the parts to Specialty for Die-Matic and getting himself to his home.
Gaston admitted that if Mr. Tucker had not delivered the parts, then Specialty would have picked up the parts on the following day. It is not clear from the record whether Specialty charged its customers for its pickup service. However, it is clear that if Mr. Tucker had not delivered the parts, then transferring the parts to Specialty "would have necessitated a trip by someone." Id. *Page 266 
(emphasis added). The dual purpose exception does not require that that "someone" be another employee of Die-Matic.Smallwood, supra.
The trial court correctly found that Mr. Tucker was given no specific instructions to deliver the parts. Gaston stated in his affidavit that on the date of Mr. Tucker's fatal accident, Mr. Tucker had "volunteered" to take the parts to Specialty. Gaston stated that he told Mr. Tucker that "he didn't need to" deliver the parts, because Specialty would send a truck to pick up the parts the next day. However, Mr. Tucker's volunteering to deliver the parts on this particular occasion and the absence of specific instructions regarding the delivery do not prevent a recovery under the Workers' Compensation Act; Die-Matic consented to and "accepted" Mr. Tucker's offer to deliver the parts and, although it did not actually "direct and control" him while he was making the delivery, there is no dispute that it "reserved the right" to do so. Fair ParkAmusement Co. v. Kimbrough, 221 Ala. 488, 489, 129 So. 275, 275
(1930); see also Kennedy v. Cochran, 475 So.2d 872, 875
(Ala.Civ.App. 1985) (injuries to employee arose out of and in the course of employment where employer "acquiesced to" employee's activity).
One of the factors to be considered in determining whether an accident arose out of and in the course of employment is the customary nature of the activity. Kennedy, supra. In this case, it was undisputed that Mr. Tucker had delivered parts to Specialty for Die-Matic in the past. In his deposition, Mike Adams, the second-shift foreman at Specialty, recalled one afternoon during which Mr. Tucker had delivered parts for Die-Matic. Mrs. Tucker stated in her affidavit that Mr. Tucker had delivered parts to Specialty as a part of his employment with Die-Matic, but she was not sure exactly how many times.
Another of the factors to consider in determining whether an activity arose out of and in the course of employment is the employer's subsidization of the activity. Kennedy, supra.
Although Gaston stated in his affidavit that Die-Matic did not furnish Mr. Tucker's transportation and did not reimburse his travel expenses, it is not clear from the record whether Mr. Tucker's delivering the parts was on "company time." Mrs. Tucker stated that Mr. Tucker had always received regular wages while delivering parts for Die-Matic.
After carefully reviewing the record, we conclude that there exist genuine issues of material fact and that Die-Matic is not entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. Therefore, the trial court erred in entering the summary judgment in favor of Die-Matic and against Mrs. Tucker. That judgment is reversed and the cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
YATES, J., concurs.
THIGPEN, J., concurs in the result only.
[1] Because of the date of the accident, this case is governed by the Workers' Compensation Act following its amendment effective May 19, 1992.