850 So.2d 332 (2002)
Ex parte SHELBY COUNTY HEALTH CARE AUTHORITY d/b/a Shelby Medical Center.
(In re Debra L. Britt v. Shelby County Health Care Authority d/b/a Shelby Medical Center).
1001647.
Supreme Court of Alabama.
August 30, 2002.
Rehearing Denied November 1, 2002.
*334 Mark W. Lee and Dorothy A. Powell of Parsons, Lee & Juliano, P.C., Birmingham, for petitioner.
James M. Patton of Patton & Veigas, P.C., Birmingham, for respondent.
BROWN, Justice.
Shelby County Health Care Authority d/b/a Shelby Medical Center (hereinafter referred to as "the Hospital") appeals from the judgment of the Court of Civil Appeals reversing in part the Shelby Circuit Court's judgment in its favor. See Britt v. Shelby County Health Care Auth., 850 So.2d 322 (Ala.Civ.App.2001). This Court granted the Hospital's petition for certiorari review to decide a question of first impression: whether an employee who falls asleep and is injured in an automobile accident while driving her personal vehicle home after having worked two 16-hour shifts with an 8-hour break between shifts can sustain a workers' compensation claim or negligence and wantonness claims against her employer. We affirm in part and reverse in part.

*335 Facts and Procedural History

In 1995, Debra L. Britt was employed at the Hospital as a respiratory technician; she worked weekend double shifts16 hours on Saturday and 16 hours on Sunday, with an 8-hour break between shifts. On February 26, 1995, Britt completed her second 16-hour shift for the weekend. Because Britt had complained of a bad headache that evening, some of her friends from work offered to drive her home. Britt refused their offers and attempted to drive herself home. As she was driving, Britt fell asleep and was seriously injured when her car crossed the median and overturned.
On February 24, 1997, Britt filed an action against the Hospital, asserting a workers' compensation claim and a claim alleging that the Hospital negligently and/or wantonly failed to maintain a safe workplace. The Shelby Circuit Court entered a summary judgment in favor of the Hospital on Britt's negligence and wantonness claims on October 6, 1998, and Britt's workers' compensation claim went to trial. After a bench trial, the court entered a judgment in favor of the Hospital on June 7, 2000, finding that Britt's claim was not covered by the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975 (hereinafter referred to as "the Act").
Britt appealed the trial court's judgments to the Court of Civil Appeals. That court affirmed the trial court's judgment as to the workers' compensation claim, but reversed the trial court's summary judgment as to Britt's negligence and wantonness claims.

Analysis

I.
The Hospital contends that the Court of Civil Appeals erroneously determined that Britt's injuries were not covered under the Act. Specifically, the Hospital argues that Britt's injuries arose "from a cause originating in [her] employment," and, thus, that they are covered by the Act; however, the Hospital asserts that Britt's injuries are not compensable under the Act. Because the relevant facts in this case are undisputed, the ore tenus rule does not apply to the trial court's ruling.
"`"[W]hen a trial court sits in judgment on facts that are undisputed, an appellate court will determine whether the trial court misapplied the law to those undisputed facts."' Harris v. McKenzie, 703 So.2d 309, 313 (Ala.1997)(quoting Craig Constr. Co., Inc. v. Hendrix, 568 So.2d 752, 756 (Ala.1990)). The ore tenus `standard's presumption of correctness has no application to a trial court's conclusions on questions of law.' Beavers [v. Walker County, 645 So.2d 1365, 1372 (Ala.1994).] `[O]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court's review is de novo.' Ex parte Graham, 702 So.2d 1215, 1221 (Ala. 1997)."
Rogers Foundation Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala.1999).
We agree with the Court of Civil Appeals that the injuries resulting from Britt's car accident, which occurred while she was driving home from work, are not covered under the Act. Section 25-5-31, Ala.Code 1975, provides that an employee has the right to pursue an action under the Act for injuries "arising out of and in the course of his employment." "The phrases [`arising out of' and `in the course of'] are not synonymous; where both are used conjunctively a double condition has been imposed, and both terms must be satisfied in order to bring a case within the act." Union Camp Corp. v. Blackmon, 289 Ala. 635, 639, 270 So.2d 108, 111 (1972) (quoting *336 Wooten v. Roden, 260 Ala. 606, 610, 71 So.2d 802, 806 (1954)). See also Kewish v. Alabama Home Builders Self Insurers Fund, 664 So.2d 917 (Ala.Civ.App.1995); Grider v. McKenzie, 659 So.2d 612 (Ala. Civ.App.1994); Alabama Power Co. v. Mackey, 594 So.2d 1238 (Ala.Civ.App. 1991).
"Whether an accidental injury `arises out of' the claimant's employment is basically a question of whether there is a causal relationship between the claimant's performance of his or her duties as an employee and the complained-of injury." Ex parte Trinity Indus., Inc., 680 So.2d 262, 266 (Ala.1996). "An injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incident to it." Anderson v. Custom Caterers, Inc., 279 Ala. 360, 361, 185 So.2d 383, 384-85 (1966)(citing Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 32 So.2d 666 (1947)). Section 25-5-1, Ala.Code 1975, states that the clause "injuries by an accident arising out of and in the course of the employment" "does not cover workers except while engaged in or about the premises where their services are being performed or where their service requires their presence as a part of service at the time of the accident and during the hours of service as workers."
Generally, Alabama law has held that injuries sustained in accidents that occur while an employee is traveling to and from work are not covered under the Act because those injuries do not meet the "arising out of and in the course of employment" requirement. See Hughes v. Decatur Gen. Hosp., 514 So.2d 935 (Ala. 1987); Exchange Distrib. Co. v. Oslin, 229 Ala. 547, 158 So. 743 (1935); Tucker v. Die-Matic Tool Co., 652 So.2d 263 (Ala. Civ.App.1994); Walker v. White Agencies, Inc., 641 So.2d 795 (Ala.Civ.App.1993); Terry v. NTN-Bower Corp., 615 So.2d 629 (Ala.Civ.App.1992); Winn-Dixie Stores, Inc. v. Smallwood, 516 So.2d 716 (Ala.Civ. App.1987). Alabama courts have carved out only a few exceptions to this general rule:
"Such exceptions include situations where the employer furnishes the employee transportation or reimburses him for his travel expenses; where the accident occurs on the employer's property or on public property that is tantamount to the employee's ingress to and egress from the employer's property; or where the employee is injured crossing a public street between the main premises of the employer and the parking lot owned by the employer."

Terry v. NTN-Bower Corp., 615 So.2d at 631 (citations omitted). See also Meeks v. Thompson Tractor Co., 686 So.2d 1213, 1216 (Ala.Civ.App.1996). An additional exception to the general rule arises when an employee, during his travel to and from work, is engaged in some duty for his employer that is in furtherance of the employer's business. See Tucker v. Die-Matic Tool Co., 652 So.2d at 265.
Britt's injuries that resulted from her car accident did not occur at her place of employment, nor was she engaged in any duties of her employment when the accident occurred. Therefore, Britt's injuries did not meet the "in the course of [her] employment" requirement of the Act.
*337 Furthermore, none of the exceptions to the general rule are applicable to Britt's case. Britt was not reimbursed for the expenses of traveling to and from work; the accident occurred after working hours while she was driving her own automobile; the accident did not occur on the Hospital's property or on public property that is "tantamount to the employees' ingress to and egress from the employer's property"; and there is no allegation that she was engaged in some duty for the Hospital that was in furtherance of the Hospital's interests while she was driving home. Because Britt's injuries did not occur "in the course of [her] employment" as required by § 25-5-31, Ala.Code 1975, she may not bring a workers' compensation claim against the Hospital under the Act. Therefore, we affirm the Court of Civil Appeals' judgment insofar as it held that Britt may not maintain a workers' compensation claim for her injuries.
The Court of Civil Appeals further reasoned that because Britt's injuries were not covered under § 25-5-31, Ala.Code 1975, she was free to bring a tort claim against the Hospital. The Hospital argues that the Court of Civil Appeals wrongly decided this matter because, it argues, that court failed to address the Act's exclusivity provisions, §§ 25-5-52 and -53, Ala.Code 1975. Specifically, the Hospital maintains that those statutes prohibit Britt from maintaining a tort action against her employer for her injuries because, it contends, the cause of Britt's accident originated in her employment.
We agree with the Court of Civil Appeals' holding that Britt is not precluded from bringing a tort claim against the Hospital under the facts of this case. Our determination is based, however, not upon the fact that Britt's injuries are not covered by the Act, but upon the plain language of the exclusivity provisions. Section 25-5-52, Ala.Code 1975, provides:
"Except as provided in this chapter, no employee of any employer subject to this chapter ... shall have a right to any other method, form, or amount of compensation or damages for an injury ... occasioned by an accident ... proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof."
(Emphasis added.) Section 25-5-53, Ala. Code 1975, bars an employee from bringing an action against an employer for injuries sustained by the employee while in the service of the employer:
"The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee ... at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly liable for personal injury to ... the employer's employee, for purposes of this chapter, whose injury... is due to an accident ... while engaged in the service or business of the employer, the cause of which accident... originates in the employment."
(Emphasis added.)
We must interpret the exclusivity clauses in the Act according to the plain language of the statutes.
"In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As we have said:
"`"Words used in a statute must be given their plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the *338 language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."'

"Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998) (quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)). It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers."
DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala. 1998)(some citations omitted).
"Admittedly, this Court does not have the authority to judicially engraft exceptions into the immunity provisions applicable to the employer, Clark v. Chrysler Corp., 342 So.2d 902 (Ala.1977), but neither should it expand the immunity into areas not covered by the Act." Garvin v. Shewbart 442 So.2d 80, 82-83 (Ala.1983), overruled on other grounds, Lowman v. Piedmont Exec. Shirt Mfg. Co., 547 So.2d 90 (Ala.1989). "The Act is designed to compensate those who are injured on the job and provides immunity from common law suits for those employers and carriers who come within the Act." Garvin v. Shewbart, 442 So.2d at 83. See also Busby v. Truswal Sys. Corp., 551 So.2d 322 (Ala.1989). "The Alabama [Workers'] Compensation Act makes it clear that it is an exclusive remedy only in situations where an employee is suing his employer for injury in the course of his employment." Kilgore v. C.G. Canter, Jr. & Assocs., Inc., 396 So.2d 60, 63 (Ala.1981).
Sections 25-5-52 and -53, Ala. Code 1975, are unambiguous in their explicit limitation: the Act is the exclusive remedy when an employee is injured in an accident proximately resulting from, and that occurred while the employee was engaged in, the actual performance of the duties of his or her employment. Based upon the facts before us, we conclude that the accident that resulted in Britt's injuries did not proximately result from, and occur while she was engaged in, the actual performance of the duties of her employment. Therefore, §§ 25-5-52 and -53, Ala.Code 1975, do not prohibit Britt from bringing a tort action against the Hospital for injuries arising from her car accident, which occurred when she was driving home after she had completed her shift at work.

II.
We next turn to the Hospital's argument that it is entitled to a summary judgment on Britt's tort claims because, it argues, Britt failed to demonstrate that, under the law and the facts of this case, the Hospital breached any duty it may have owed her to provide a safe workplace and safe working conditions. The trial court entered a summary judgment in favor of the Hospital on these claims, holding that Britt's sole remedy in this case was under the Act, which precluded Britt's tort actions against the Hospital. Having already decided that the Act's exclusivity provisions do not prevent Britt from bringing a tort action against the Hospital, we now address whether the trial court's summary judgment was proper for any other valid legal reason.
*339 The law governing this Court's review of a summary judgment is well-settled:
"`In reviewing the disposition of a motion for summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before the court made out a genuine issue of material fact' and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)."
Ex parte General Motors Corp., 769 So.2d 903, 906 (Ala.1999). Furthermore, this Court will affirm a properly entered summary judgment, even if the trial court's reasons for entering the judgment were incorrect. 769 So.2d at 911. See also Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988)(stating that this Court will affirm the trial court's judgment if it is supported by any valid legal ground).
Britt alleged in her complaint that the Hospital "negligently and/or wantonly" failed to provide her with a safe workplace and safe working conditions. The duty of an employer to provide a safe workplace is codified in § 25-1-1(a), Ala.Code 1975. That statute provides:
"(a) Every employer shall furnish employment which shall be reasonably safe for the employees engaged therein and shall furnish and use safety devices and safeguards and shall adopt and use methods and processes reasonably adequate to render such employment and the places where the employment is performed reasonably safe for his employees and others who are not trespassers, and he shall do everything reasonably necessary to protect the life, health and safety of his employees and others who are not trespassers."
Section 25-1-1(c)(3), Ala.Code 1975, defines the terms "safe" and "safety" as follows:
"Such terms, applied to any employment or place of employment, place of public assembly or public building, shall mean `reasonably safe' or `reasonable safety' consistent with the lawful purpose of the use and occupancy of the place of employment, place of public assembly or public building and the inherent danger of the employment, the process, operation or situation involved, and, shall include conditions and methods of sanitation and hygiene reasonably necessary for the protection of the life, health and safety of the employees and others who are not trespassers."
Applying the standards of statutory interpretation set out above, we must conclude that § 25-1-1, Ala.Code 1975, places a duty on employers to provide a reasonably safe workplace and reasonably safe working conditions at the workplace. See Morris v. Merritt Oil Co., 686 So.2d 1139, 1144 (Ala.1996). However, the plain language of § 25-1-1, Ala.Code 1975, places this duty on employers only so far as they have control over the physical conditions of the workplace and the premises of the workplace. The text states that the employer shall furnish "reasonably safe" employment for the employees engaged "therein" and shall furnish *340 and use safety devices and safeguards and shall adopt and use methods and processes reasonably adequate to render "such employment and the places where the employment is performed" reasonably safe. Furthermore, the statute requires an employer to do everything reasonably necessary to protect the life, health, and safety of its employees and others who are not trespassers. In other words, the statute governs only the safety of those who are expected to be on the premises of the workplace and the safety of the physical conditions of the workplace premises. See also Morris v. Merritt Oil Co., 686 So.2d at 1144 (noting that although an employer has the duty to provide a safe workplace "there is no precedent for extending the provisions of § 25-1-1 to require that ... an employer must ensure that nothing in the workplace disturbs the emotional well-being of the employees").
We decline to hold that the duties placed on an employer under § 25-1-1, Ala.Code 1975, extend to scheduling work hours for employees in an attempt to ensure their safety traveling home from work. Furthermore, Britt has failed to produce substantial evidence indicating that the Hospital breached those duties it did owe her under § 25-1-1, Ala.Code 1975. Therefore, we reverse the Court of Civil Appeals' judgment insofar as it reverses the trial court's summary judgment in favor of the Hospital on Britt's negligence and wantonness claims.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SEE, HARWOOD, and STUART, JJ., concur.
HOUSTON, J., concurs specially.
MOORE, C.J., concurs in the result.
WOODALL, J., concurs in the result in part.
LYONS and JOHNSTONE, JJ., concur in part and dissent in part.
HOUSTON, Justice (concurring specially).
Ms. Britt is predicating her right to recover against the Hospital on her employee-employer relationship with the Hospital. In my opinion, if she does not have a cause of action under the Workers' Compensation Act against her employer, she does not have a cause of action against the Hospital arising out of the employer-employee relationship. I was not on the Court when Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530 (1937), was decided, and I dissented in Lowman v. Piedmont Executive Shirt Manufacturing Co., 547 So.2d 90 (Ala.1989). Even though stare decisis impels me to follow those cases, it does not require that I expand the holdings in those cases. To impose liability on the Hospital in this case would be a significant expansion of Swann Chemical and Lowman.
Although I sympathize with Ms. Britt, I know of no common-law cause of action for injuring oneself by falling asleep while driving one's own vehicle that would be protected by Art. I, § 13, of the Constitution of Alabama of 1901.
WOODALL, Justice (concurring in the result in part).
Insofar as the majority opinion reverses a portion of the judgment of the Court of Civil Appeals, I concur in the result. I express no opinion on any other issue or with regard to any other holding.
LYONS, Justice (concurring in part and dissenting in part).
I concur in Part I of the main opinion, which holds that Britt's claim was not covered by the Alabama Workers' Compensation *341 Act, § 25-5-1 et seq., Ala.Code 1975 (hereinafter "the Act"), and that she is permitted to bring a civil action against her employer.
I respectfully dissent as to Part II, which affirms the trial court's summary judgment in favor of the Hospital on Britt's tort claims. That part of Britt's complaint seeking damages as a result of the Hospital's alleged negligence or wanton misconduct alleged that the Hospital "had a duty to use reasonable care to protect the plaintiff from hazardous conditions at work, and otherwise to provide a reasonably safe place to work." Britt then alleged that the Hospital "negligently and/or wantonly breached said duty by requiring, causing and/or allowing the Plaintiff to work two consecutive 16 hour shifts with a minimal break between shifts, and by failing to implement measures designed to eliminate or reduce this hazardous condition and the risks imposed." The main opinion finds Britt's common-law count deficient under § 25-1-1.
Section 25-1-1 provides:
"(a) Every employer shall furnish employment which shall be reasonably safe for the employees engaged therein and shall furnish and use safety devices and safeguards and shall adopt and use methods and processes reasonably adequate to render such employment and the places where the employment is performed reasonably safe for his employees."
In the context where the employee's claim is covered by the Act, this Court has held that the employee does not have a remedy in tort against the employer, regardless of whether the conduct of the employer is alleged to be intentional and willful. This is so because § 25-5-11, the savings provision of the Act permitting actions arising from intentional and willful conduct, is limited to actions against co-employees. See Ex parte McCartney Constr. Co., 720 So.2d 910 (Ala.1998). Because Britt does not have a claim under the Act, I consider cases such as McCartney Construction to be distinguishable. Consequently, I cannot embrace the views expressed in Judge Thompson's dissenting opinion to the Court of Civil Appeals' opinion, in which he cites McCartney Construction as authority for trial court's summary judgment in favor of the Hospital.
My research has not revealed any recent occasion when this Court has had the opportunity to consider the viability of a claim against the employer for damages alleged to be the proximate consequence of a failure to provide a safe place to work when the employee's injury is not covered by the Act. However, in Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530 (1937), abrogation by statute on other grounds recognized, Ex parte Harris, 590 So.2d 285 (Ala.1991), the Court found the plaintiff's claim not covered by the Act, and yet upheld the injured employee's right to sue under a count described as asserting the "common-law duty to furnish the plaintiff with a safe place to work." 234 Ala. at 315, 174 So. at 531.
The predecessor to § 25-1-1, imposing a statutory duty on an employer to provide its employees a safe place to work, was not enacted until 1939, two years after the opinion in Gentry was issued. I find no basis upon which to conclude that § 25-1-1 is anything other than cumulative to whatever rights the plaintiff might have enjoyed at common law. Judge Seybourne H. Lynne, a former Alabama circuit judge, observed in Minyard v. Woodward Iron Co., 81 F.Supp. 414, 418 (N.D.Ala.), aff'd, 170 F.2d 508 (5th Cir.1948), that "the effect of the statute [imposing a duty on employers as to safety] was to enlarge the common law duty of the employer, as it *342 formerly obtained under the judge-made law of Alabama."
The main opinion properly analyzes the issue whether the trial court erred in entering a summary judgment on the common-law claim on its merits rather then holding that it is barred by the exclusivity provisions of the Act. I part company with the main opinion in its analysis of the validity of the claim for failure to provide a reasonably safe workplace by parsing the language found within the four corners of § 25-1-1 and then finding Britt's common-law count deficient. Britt states her claim alleging negligent and/or wanton breach of a "a duty to use reasonable care to protect the plaintiff from hazardous conditions at work, and otherwise to provide a reasonably safe place to work" without reference to § 25-1-1. The issue before us is the propriety of the summary judgment in favor of the Hospital on the common-law claim. In our review of that issue we should not confine Britt to a theory dependent entirely on § 25-1-1.
We can affirm the trial court for any reason, not necessarily the reason given by the trial court. Cutler v. Orkin Exterminating Co., 770 So.2d 67, 71 (Ala.2000); Ex parte City of Fairhope, 739 So.2d 35, 39 (Ala.1999); Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala.1988). Here, the trial court relied solely on the incorrect conclusion that Britt's "sole remedy is workers' compensation for which the [Hospital] is immune from all other forms of liability, including traditional common law tort remedies." (Order of Oct. 6, 1998.) This holding was no accident; the Hospital's motion for a summary judgment relied exclusively upon the preclusion provision of the Act. Our rule permitting affirmance for any reason is limited to matters supported by the record. See Chazen v. Parton, 739 So.2d 1104, 1108 (Ala.1999)(a judgment may be affirmed on any valid ground supported by the record).
Justice Houston, in his special concurrence, states that he knows of no common-law basis for liability on these facts. I cannot take such a dim view of the merits of Britt's claim at this stage of the proceedingsconfined as we are to the record before us. I express no opinion as to the appropriate disposition of a motion for a summary judgment filed by the Hospital grounded solely on the lack of merit of Britt's claim seeking damages on a common-law tort theory and supported by a record of evidence dealing with the pivotal issue of proximate cause. I therefore must respectfully dissent from Part II of the main opinion.
JOHNSTONE, Justice (concurring in part and dissenting in part).
I concur in the rationale and judgment of the main opinion insofar as it affirms the affirmance of the judgment in favor of the defendant Hospital on the plaintiff Britt's worker's compensation claim. I further concur in the main opinion in its analysis of § 25-5-52 and § 25-5-53, Ala. Code 1975, and concur in the holdings as well, to the effect that these two Code sections embodying the exclusivity provisions of the Workers' Compensation Act do not bar Britt's tort claims against the Hospital.
I do not agree to reject the rationale of the Court of Civil Appeals for its conclusion that the exclusivity provisions do not bar Britt's tort claims. Rather, this rationale by the Court of Civil Appeals is a correct and consistent alternative and complement to our own rationale for the same conclusion.
I respectfully dissent from the main opinion and its judgment insofar as it reverses the Court of Civil Appeals in its reversal of the summary judgment in favor *343 of the Hospital on Britt's tort claims. The record contains substantial evidence that Britt's injuries resulted proximately from violations of duties imposed on the Hospital by § 25-1-1(a), Ala.Code 1975, as follows:
"Every employer shall furnish employment which shall be reasonably safe for the employees engaged therein ... and shall adopt and use methods and processes reasonably adequate to render such employment ... reasonably safe for his employees ..., and he shall do everything reasonably necessary to protect the life, health and safety of his employees...."
The plain meaning of these provisions in no way restricts these duties to the physical conditions of the workplace. Imposing a dangerously exhausting schedule on an employee may be a violation of these duties. I respectfully submit that we should affirm the Court of Civil Appeals in its reversal of the summary judgment against Britt on her tort claims against the Hospital.