Because I would have reversed the trial court on other grounds, I concur in the result of the main opinion.
Alabama law is clear that when there has been a prior custody determination, the parent seeking a change in custody must meet the strict standard set out in Ex parte McLendon, 455 So.2d 863
(Ala. 1984). That standard requires that a change in custody must materially promote the best interest and general welfare of the child and that the change in custody would more than offset the inherently disruptive effect caused by uprooting the child. Westv. Rambo, 786 So.2d 1138 (Ala.Civ.App. 2000); see also Exparte *Page 860 McLendon. It is the child's best interest that is sought to be protected by the application of the McLendon standard in a custody determination; that standard is not for the benefit or the convenience of the child's parents. A.L. v. S.J.,827 So.2d 828 (Ala.Civ.App. 2002). This court has held that parties are not at liberty to forego the protection of the law by either agreement or contract where a principle of public policy is violated. Kennedy v. Cochran, 475 So.2d 872 (Ala.Civ.App. 1985). The McLendon standard is based on strong policy considerations; among those considerations is preventing the trauma of uprooting a child from a familiar home. Ex parteCouch, 521 So.2d 987 (Ala. 1988).
Because the McLendon standard serves the interest of the child and not the parents, the parties were not at liberty to contract out of the protection afforded the child under Ex parteMcLendon. Therefore, the proper standard of proof in this case is the McLendon standard. In my opinion, the father did not meet the "heavy burden of proof" set forth in Ex parteMcLendon, supra. A.L. v. S.J., 827 So.2d 828, 834
(Ala.Civ.App. 2002).