148 So.2d 484

**Alexander CAMPBELL**

v.

**UNITED STATES STEEL CORPORATION.**

6 Div. 656.

Supreme Court of Alabama.

Nov. 29, 1962.

Rehearing Denied Jan. 10, 1963.

D. G. Ewing, Birmingham, for appellant.

Jas. R. Forman, Jr., and Moore, Thomas, Taliaferro, Forman & Burr, Birmingham, for appellee.

COLEMAN, Justice.

This is a petition by the plaintiff, an employee, for certiorari to review a judgment denying workmen's compensation. § 297, Title 26, Code 1940.

In his amended complaint, plaintiff alleged that he was employed by defendant from July 13, 1954, to July 13, 1959; that, during the last year of that employment period, plaintiff was employed as a laborer in defendant's warehouse for the first 6 months and in defendant's iron ore mine

for the last 6 months; that while engaged in his duties as employee of defendant, plaintiff was caused to inhale large quantities of silica dust which permeated the air in those places where plaintiff was engaged in the duties of his employment; and that as a result of inhaling the dust plaintiff contracted occupational pneumonoconiosis for which he seeks compensation.

Plaintiff alleged that defendant is the employer in whose employment petitioner was last exposed, within a period of five years prior to the date of injury, to the hazards of pneumonoconiosis, in each of at least twelve months; and that July 13, 1959, was the date of injury. Section 10, Act No. 180, approved June 29, 1951, Acts of 1951, page 426; § 313(9), Title 26, Code 1940, Recompiled 1958.

After hearing evidence ore tenus, the court found that plaintiff was employed by defendant as an underground ore miner from 1928 until May, 1949, and above ground from May, 1949, until January, 1959; that above ground plaintiff was employed, first, as a janitor at the office of defendant and then as janitor and laborer at defendant's warehouse; and that plaintiff was employed as an underground ore miner from January, 1959, until July 13, 1959, which was the last day plaintiff worked for defendant.

The judgment states that the court is not reasonably satisfied from the evidence that plaintiff was exposed to the hazards of occupational pneumonoconiosis during the period of his employment as a janitor at defendant's office or warehouse, wherefore the court finds that plaintiff was not exposed to the hazards of said diseases in each of at least twelve months during the last five years of his employment by defendant. As a consequence, the court denied compensation.

It seems undisputed that plaintiff had worked for defendant for 32 years; that the first 23 years were spent underground in defendant's ore mine; that, in 1954 or 1955, plaintiff was transferred to defendant's office and warehouse above ground; that plaintiff worked above ground, first in the office and later in the warehouse, until January, 1959; and that in January, 1959, plaintiff went back underground where he worked until the end of his employment on July 13, 1959.

It also appears to be undisputed that plaintiff was disabled and suffering from pneumonoconiosis, probably of long standing, and also from tuberculosis.

As stated above, during the last five years of employment, plaintiff worked above ground except for the last six months. It appears to be conceded that during the last six months, plaintiff was engaged in an occupation to which there is attached a particular hazard of occupational pneumonoconiosis that distinguishes that occupation from the usual run of occupations and is in excess of the hazards of such disease attending employment in general. As to the remainder of the last five years, however, the court was not reasonably satisfied by the evidence that plaintiff was engaged in an occupation attended by such hazards in excess of the hazards attending employment in general. Plaintiff contends that the finding of the court is in error.

On certiorari to review judgments in compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support facts found by the trial court, and this rule applies when the award or compensation is denied as well as where there has been a judgment favorable to the plaintiff. Bullard v. Murdock, 271 Ala. 378, 124 So.2d 263.

Our review, therefore, is limited to deciding whether or not the evidence supports the court's failure to find that plaintiff was, during his employment above ground as aforesaid, exposed to the hazards of the disease as required by the statute, supra. We think the evidence justifies the finding.

**328**

The witness Walker testified that he had not noticed dust at the warehouse from the tipple or ore conditioner. The witness Johnson testified that he had taken samples of air at the warehouse and at many other places, including the court house and other places in Birmingham. Johnson's testimony and that of Dr. Russakoff are to effect that the air at the warehouse where plaintiff worked presented no silicosis hazard beyond that present in the buildings or on the streets of Birmingham. Detailed discussion of the evidence would serve no useful purpose. § 66, Title 13, Code 1940. The judgment should be affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.