185 So.2d 383

**Dorothy ANDERSON**

v.

**CUSTOM CATERERS, INC.**

1 Div. 291.

Supreme Court of Alabama.

April 15, 1966.

Cunningham, Bounds & Byrd, Mobile, for appellant.

Johnston, Johnston & Nettles, Mobile, for appellee.

LAWSON, Justice.

This is a Workmen's Compensation case.

Certiorari was granted on petition of Dorothy Anderson to review a judgment of the Circuit Court of Mobile County refusing to award compensation to her. § 297, Title 26, Code 1940.

The trial court found:

The plaintiff, Dorothy Anderson, and the defendant, Custom Caterers, Inc., a corporation, were subject to the Workmen's Compensation Laws of Alabama while plaintiff was performing for the defendant the duties required of her under her contract of employment.

Plaintiff was accidentally injured on December 23, 1962, as a result of a fall which she sustained while dancing at a Christmas party given by the defendant for its employees. The party was held at defendant's place of business, which had been

closed to the public. No one was present at the party except employees of defendant other than "some guest" who was not a customer or business guest of defendant. Refreshments, including alcoholic beverages, were furnished by the defendant. "* * * almost everyone at the party was drinking alcoholic beverages, although the plaintiff testified that she only had a part of two drinks."

One of the reasons the defendant gave the party was to promote a better employer-employee relationship and the defendant expected to receive benefits "from giving the party in the form of happier and more satisfied employees."

Plaintiff was not "on duty" while at the party, but went to the defendant's place of business around seven o'clock in the evening for the purpose of participating in the party.

Plaintiff's attendance upon the party was voluntary, there being no requirement that the employees attend the party. She received no pecuniary advantage by attending and she was not compelled to stay at the party for "any given length of time."

Based on those findings, the trial court concluded that plaintiff was not entitled to compensation because the accident which produced her injury "did not occur during the course of her employment."

■ On certiorari to review judgments in compensation cases, we are not concerned with the weight of the evidence as to any fact found by the trial court. If there is any reasonable view of the evidence that will support the trial court's finding of fact it will not be disturbed. Campbell v. United States Steel Corp., 274 Ala. 326, 148 So.2d 484; Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 32 So.2d 666.

In brief of appellant, some testimony is referred to which is not altogether in accord with the court's findings, but the evidence was in conflict on those matters and we do not understand that counsel for appellant contends that there was not evidence adduced which supports all of the facts as found by the trial court.

So the question is whether the facts found by the trial court support its conclusion that plaintiff's accidental injury "did not occur during the course of her employment."

■ In order for an accident to be compensable under the Workmen's Compensation Law, it must arise out of and in the course of employment. § 253, Title 26, Code 1940; Deaton Truck Line, Inc. v. Acker, 261 Ala. 468, 74 So.2d 717.

■ We have said that the phrase "arises out of" employment refers to employment as the cause and source of the accident, and that the phrase "in the course of his employment" refers to the time, place and circumstances under which the accident took place. An injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incident to it. Southern Cotton Oil Co. v. Bruce, supra. The phrases are not synonymous and where, as in our statute (§ 253, Title 26, supra), they are used conjunctively, a double condition has been imposed and both terms must be satisfied in order to put an injury under the coverage of our Workmen's Compensation Law. Queen City Furniture Co. v. Hinds, 274 Ala. 584, 150 So.2d 756.

We have not been called upon previously to consider a case where the employee received an accidental injury at an office party. The nearest factual situation with which we have dealt was presented in Wooten et al. v. Roden et al., 260 Ala. 606, 71 So.2d 802, where the employee received an accidental injury while en route to an employer-sponsored Christmas party, attendance at which was without compensation or compulsion. The trial court awarded compensation but we reversed, although

it was shown that the employer gave the party to aid morale and some business was discussed. The Justices who participated in the consideration of the Wooten Case did not concur in all that was said in the opinion, but did concur in the reversal of the judgment and, hence, that case stands for the proposition that under the facts there presented an employee is not entitled to compensation. Regardless of the fact that the other participating Justices did not concur in all that was said in the Wooten opinion, written by the Chief Justice, the opinion contains a large collection of cases bearing on the question there under consideration.

Among the cases cited and quoted from in the Wooten opinion is Moore's Case, 330 Mass. 1, 110 N.E.2d 764, 766, where a number of relevant facts are said to be worthy of consideration in determining whether an employee is entitled to compensation for an accidental injury sustained while attending a Christmas party given by her employer. We set out here the part of the opinion in Moore's Case, supra, which was quoted in the *Wooten* Case, supra:

"(1) The customary nature of the activity, * * * (2) The employer's encouragement or subsidization of the activity. * * * (3) The extent to which the employer managed or directed the recreational enterprise. * * * (4) The presence of substantial pressure or actual compulsion upon the employee to attend and participate. * * * (5) The fact that the employer expects or receives a benefit from the employees' participation in the activity, whether by way of improved employer-employee relationships, * * *; through greater efficiency in the performance of the employees' duties, * * *; by utilizing the recreation as partial compensation or additional reward for their work, or for advertising the employer's business, or as an actual adjunct of his business. * * * Apart from the exist-

ence of employer compulsion, which often might warrant or even require a finding in favor of the employee, the presence or absence of any one of the other factors listed would not necessarily determine the issue. Nor, indeed, is the foregoing enumeration meant to be exclusive of other factors which might appear in a given case. What is required in each case is an evaluation of the significance of each factor found to be present in relation to the enterprise as a whole. Upon such an evaluation must the decision as to the closeness of the connection between the employment and the recreation ultimately rest." (Citations omitted)

Moore's Case, supra, was decided by the Supreme Judicial Court of Massachusetts in 1953. The same court in 1963 in Landry's Case, 346 Mass. 762, 190 N.E.2d 208, 209, applied their holding in Moore's Case, supra, to a factual situation almost identical with the facts of the instant case. In reversing a decree of a Superior Court awarding compensation to the employee, the Massachusetts court in the *Landry* Case, supra, wrote:

"The board adopted the findings of the single member that the claimant's injury, sustained while dancing at a Christmas party given by her employer at the hotel where she worked as a waitress, and at which attendance was optional, did not arise out of and in the course of her employment. The decision dismissing the claim was affirmed. The question being one of fact and the findings being supported by evidence and free from legal error, the judge's entry of a decree awarding compensation was wrong. In all its essentials the case is governed by Moore's Case, 330 Mass. 1, 110 N.E.2d 764."

The conclusion reached by the trial court based on its finding of fact, which is fully supported by the evidence, is in accord with our holding in the *Wooten* Case,

---

supra. It follows that the judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.