ALMON, Justice.
Plaintiff-appellant Shirley K. Hendrix, sought the proceeds as beneficiary on an accidental death insurance policy issued by The National Life and Accident Insurance Company on Timothy Hendrix, deceased husband of appellant. National Life & Accident was granted summary judgment on the basis of the pleadings, affidavits, admissions of fact, and written stipulations. Appellant filed no counter-affidavits. We affirm the trial court.
Appellant admitted that her husband died of asphyxiation from L.P. gas while sleeping in his private living quarters. The insurance policy contained a provision which excluded from coverage any loss from gas or fumes except gas or fumes involuntarily inhaled in the course of the insured person’s employment or occupation. Specifically, the issue is whether Hendrix inhaled gas in the course of his employment or occupation.[1]
*1200 The stipulation of facts in the record contains the following:
“(7) At the time of death of the said Timothy Hendrix, the said Timothy Hendrix was employed as a machinist by the Tennessee Valley Authority and had no other employment or occupation. He was assigned to a job at Shawnee Steam Plant near Paducah, Kentucky. He had been working there on that job since December 10, 1975. He was an hourly employee and was paid for his work by the hour. He was last on duty at his job with TVA on January 29, 1976 and when he left the job site on January 29, 1976, was not due back at his job site until the same shift the following day which would have been the afternoon of January 30, 1976. He did not return to his job site. He was not required as a part of the duties of his job to live in any particular locality nor in any particular place. He was not on call nor was he subject to call by his employer when he was off the job site. His death occurred while he was sleeping in his privately owned living quarters. His home was on Route # 5, Florence, Alabama, at the time he began his employment with TVA at Paducah, Kentucky, and rather than moving to Kentucky, he left his family at home and lived in Padu-cah, Kentucky during the week, returning to his home on the weekends, and he had obtained a converted van vehicle for use as living and sleeping quarters while he was in the Paducah area. It was in this converted van that he was sleeping when he was asphyxiated.”
Normally, whether someone is injured or dies in the course of his or her employment or occupation is a factual matter for the jury to decide. However, the court must pretermit a jury decision if the evidence is insufficient as a matter of law, in accord-anee with the scintilla evidence rule. The stipulation of facts in this case presents squarely the issue of the sufficiency of the evidence for a jury decision.
We can find no Alabama case discussing the meaning of “in the course of employment or occupation” clause in an accidental death insurance policy. However, we may look for guidance to our cases on workman’s compensation wherein it is a statutory requirement for recovery that the injury occur in the course of employment. See § 25-5-31, Code of Alabama 1975.
In relation to such laws, we have stated: “. . . the phrase ‘in the course of his employment’ refers to the time, place and circumstances under which the accident took place. An injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incident to it. . ” Anderson v. Custom Caterers, Inc., 279 Ala. 360, 361, 185 So.2d 383, 385 (1966).
Appellant has cited numerous cases in support of her contention that her husband died in the course of his employment or occupation. However, none of the cited cases is controlling. In each, the employer may be said to derive some benefit by the actions of the employee and the employee is under some degree of control of the employer. These factors are not present in this case. To the contrary, appellant has stipulated that Timothy Hendrix was not required to live in any particular locality or place nor was he on call or subject to call while off the job site. Under these facts, we hold, as a matter of law, the insured did not die in the course of his employment or occupation.
*1201 The judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.

. The insurance policy is not part of the record. At page 5 of appellee’s brief the following is stated:
“Defendant issued an accidental death policy insuring the life of Hendrix, deceased husband of plaintiff. The policy contained the following exclusion:
“The Group Policy does not cover and does not provide benefits for any loss directly, wholly or partly, resulting from or caused by *1200 any of the following excluded risks: . (j) any poison, gas, fumes, sedative or other drug, voluntarily or involuntarily taken, administered, absorbed, or inhaled, except gas or fumes involuntarily inhaled in the course of the insured person’s employment or occupation.”
Also, the case was submitted for summary judgment based on the following stipulation:
“(6) The plaintiff is not entitled to recover in this case under the policy of insurance sued upon unless the death of the said Timothy Hendrix resulted from or was caused by gas or fumes involuntarily inhaled in the course of the said Timothy Hendrix’s employment or occupation.”