The ST. PAUL INSURANCE
COMPANY OF ILLINOIS,
Plaintiff-Appellee,

v.

Donald HARRIS, Sr.,
Defendant-Appellant.

No. 84–7697

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 25, 1985.

Clarence Simmons, Jr., Gadsden, Ala., for defendant-appellant.

Curtis Wright, Dortch, Wright & Russell, Gadsden, Ala., for plaintiff-appellee.

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

The issue in this case is whether, under Alabama law, an injury received by an employee while playing for an employer-sponsored basketball team arose out of and in the course of employment within the intent and meaning of Alabama's workmen's compensation law. Ala.Code § 25–5–1(1) and § 25–5–31 (1975). We affirm the summary judgment entered against the employee by the district court.

Donald Harris, Sr. was an environmental service employee of the Baptist Memorial Hospital of Gadsden, Inc. He worked an eight-hour shift five days a week. Harris injured his right wrist while playing on a Hospital-sponsored basketball team which was playing another local team at the Walnut Park Community Center.

The Hospital team was composed solely of Hospital employees. The Hospital provided jerseys with the words "Baptist Memorial Hospital" on the front, as well as shorts, basketballs, a first aid kit, and refreshments. The players provided their own shoes, socks, and athletic supporters. They also provided their own transportation to and from games. The Hospital paid for the referees at the games, but gave no time off and provided no compensation for employees to play basketball. The City of Gadsden sponsored the league, and the games were all played at City facilities under City rules. If the team won a championship, team members were given an appreciation lunch and recognized in the Hospital newspaper.

The St. Paul Insurance Company of Illinois, which had a "Workmen's Compensation and Employers Liability Policy," filed a declaratory judgment action to determine if Harris' injury was compensable under Alabama law. The district court concluded there were no issues of fact under Alabama law, and that Harris' injury did not arise "out of and in the course of his employment within the intent and meaning of Ala.Code. § 25-5-1(1) and § 25-5-31 (1975)." The court further found that "[a]ny benefit the Hospital received from sponsoring the basketball team was indirect and intangible."

Alabama case law provides this Court with no reason to overturn the district court's judgment in this diversity jurisdiction case. In *Anderson v. Custom Caters*, 279 Ala. 360, 185 So.2d 383 (1966), which involved an accident occurring at a Christmas party, the court declared:

> [a]n injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in doing something incident to it.

185 So.2d 384–85.

Harris was doing nothing that could be considered "reasonably fulfilling the duties of his employment or engaged in doing something incident to it." He was playing basketball after hours, off the hospital's premises, and his presence was purely optional. He received no pay for playing. His injury did not arise out of his employment. *See Wooten v. Roden*, 260 Ala. 606, 71 So.2d 802 (1954).

The Hospital received only speculative or incidental benefit from plaintiff's activity. No evidence suggests that the basketball league improved employee-employer relations or that the Hospital benefited from having its name on the front of the player's jerseys. Speculative benefit is an insufficient reason for bringing basketball games within the course of plaintiff's employment.

AFFIRMED.