ROBERTSON, Presiding Judge.
Dustin Jovon Tricksey McMillan, a minor, by and through his mother and next friend, Lisa Simon, appeals from a summary judgment entered by the Mobile County Circuit Court denying his claim for workers’ compensation benefits against Mobile County arising from the death of his father, Katonio Tricksey.
The plaintiff filed this lawsuit in the Mobile County Circuit Court on September 4, 1997, seeking workers’ compensation benefits from Mobile County as a result of his father’s death. On February 18,1998, the trial court granted Mobile County’s motion for summary judgment, holding that the plaintiff was not entitled to workers’ compensation benefits because the accident in which Tricksey was killed did not arise out of or in the course of his employment.
The plaintiff appeals, arguing that the summary judgment was improper because, he says, he presented substantial evidence that the accident in which Tricksey was killed arose out of and in the course of his employment with Mobile County.
In reviewing a summary judgment, we use the same standard as the trial court in determining “whether the evidence before *231 [it] made out a genuine issue of material fact” and whether the movant was “entitled to a judgment as a matter of law.” Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmov-ant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
The pertinent facts in this case are undisputed. On November 7,1995, Katonio Trick-sey was killed in an automobile accident while traveling to the Troy State University campus in Pensacola, Florida, to attend classes in public administration. At the time of his death, Tricksey was employed by Mobile County as a supervisor of court security. Tricksey was not on duty or traveling to or from his job at the time of his death; he was a passenger in a car owned and driven by persons who had no connection to Mobile County.
Although Tricksey was not attending classes to satisfy a job requirement, Mobile County did have an “educational policy” that provided for the reimbursement of one-half of certain education expenses of employees who attended specified educational institutions. The educational policy was strictly a benefit to employees who voluntarily sought further education, and the policy did not require that course work be related to an employee’s job. Beyond initial approval for expense payment, there is no indication in the record that Mobile County exercised any control over how an employee pursued his or her education under the policy.
The record indicates that at the time of his death Tricksey had an undergraduate degree and a master’s degree and that he was taking advantage of the Mobile County educational policy to obtain a second master’s degree in public administration. The plaintiff argues that this second degree would have been beneficial to his father’s employment with the County. However, there is no indication in the record that this degree would have had any specific benefit for the County in regard to Tricksey’s employment or that the degree would have satisfied any County employment requirement related to Trieksey’s job.
Pursuant to Alabama’s workers’ compensation law, compensation is available only for “injuries by an accident arising out of and in the course of the employment.” Section 25-5-1(8), Ala.Code 1975, defines that phrase as follows:
“INJURIES BY AN ACCIDENT ARISING OUT OF AND IN THE COURSE OF THE EMPLOYMENT. Without otherwise affecting either the meaning or interpretation of the clause, the clause does not cover workers except while engaged in or about the premises where their services are being performed or where their service requires their presence as a part of service at the time of the accident and during the hours of service as workers.”
This court set out the general test for determining whether an injury arises out of and in the course of employment, in Cummings Trucking Co. v. Dean, 628 So.2d 902, 904 (Ala.Civ.App.1993):
“To determine whether an employee’s injuries arose out of his employment, it is only necessary to show that the employment was the cause and the source of the accident. Gold Kist, Inc. v. Jones, 537 So.2d 39 (Ala.Civ.App.1988); Massey v. United States Steel Corp., 264 Ala. 227, 86 So.2d 375 (1955).”
The plaintiff argues that the Mobile County educational policy was the “cause and source” of Tricksey’s death because, he says, the Mobile County educational policy was paying some of the costs Tricksey incurred while furthering his education. In support of this argument, the plaintiff cites general authority, 2A Larson, Larson’s Workers’ Com *232 pensation Law § 27.00 (1997), to the effect that acts undertaken outside an employee’s regular duties that inure to the benefit of the employer may be compensable.
The plaintiff also cites Wooten v. Roden, 260 Ala. 606, 71 So.2d 802 (1954), for the same general principle:
“Courts in other jurisdictions which have passed upon the compensability of injuries sustained outside the formal scope of the employee’s duties have evolved a number of criteria which may be resorted to in determining whether the employment and the recreation are related with sufficient closeness to be held within the terms of workmen’s compensation acts. For convenience, they were enumerated in Moore’s Case, 330 Mass. 1, 110 N.E.2d 764, 766, as follows:
“ ‘(1) The customary nature of the activity.... (2) The employer’s encouragement or subsidization of the activity. ... (3) The extent to which the employer managed or directed the recreational enterprise.... (4) The presence of substantial pressure or actual compulsion upon the employee to attend and participate.... (5) The fact that the employer expects or receives a benefit from the employees’ participation in the activity, whether by way of improved employer-employee relationships, ...; through greater efficiency in the performance of the employees’ duties, ...; by utilizing the recreation as partial compensation or additional reward for their work, or for advertising the employer’s business, or as an actual adjunct of his business.... Apart from the existence of employer compulsion, which often might warrant or even require a finding in favor of the employee, the presence or absence of any one of the other factors listed would not necessarily determine the issue. Nor, indeed, is the foregoing enumeration meant to be exclusive of other factors which might appear in a given case. What is required in each case is an evaluation of the significance of each factor found to be present in relation to the enterprise as a whole. Upon such an evaluation must the decision as to the closeness of the connection between the employment and the recreation ultimately rest.’ (Citations omitted.)”
260 Ala. at 610-11, 71 So.2d at 806.
In Wooten an employee was injured in an automobile accident while being driven to the employer’s Christmas party. After a review of numerous authorities discussing the requirement that there be some indicia of the master-servant relationship in order to satisfy the statutory requirement of “arising out of and in the course of employment,” the Court concluded that the indirect benefit of company goodwill was not sufficient to satisfy the statute with respect to an employee’s voluntary attendance at a recreational function. Accordingly, the Court reversed the trial court’s award of benefits. Since Wooten, courts addressing the compensability of injuries sustained while employees participated in voluntary recreational activities sponsored by an employer have held that such injuries are not compensable. See St. Paul Ins. Co. of Illinois v. Harris, 758 F.2d 1450 (11th Cir.1985); Anderson v. Custom Caterers, Inc., 279 Ala. 360, 185 So.2d 383 (1966).
Although there are no Alabama cases exactly on point with the factual situation presented in this case, we note with approval the rationale of the case of C.L. Pharris Sand & Gravel, Inc. v. Workers’ Compensation Appeals Bd., 138 Cal.App.3d 584, 187 Cal.Rptr. 899 (1982). In Pharris Sand & Gravel, the court considered the issue whether an employee injured in an automobile accident while traveling to an apprenticeship class partially paid for by his employer and required by his union was entitled to workers’ compensation benefits. The court noted that the employer did not request or require the employee to take the class and held that in the absence of a significant and direct benefit to the employer, the employee’s injury was not compensable.
After a careful review of the record, we conclude that there is no substantial evidence of any direct benefit to Mobile County as a result of Tricksey’s educational pursuit in this case. Further, the record is undisputed that Tricksey’s additional education was not a requirement of his work for the County, *233 nor was it undertaken at the County’s request. It is also plain that the County exercised no control over Tricksey’s education. Accordingly, we conclude that Tricksey’s injury did not arise out of and in the course of his employment with the County. The trial court’s summary judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.