THOMAS, Judge.
 

 David Brunson (“the employee”) was injured when he was struck by an automobile driven by Bobby Lucas (“the co-employee”) while crossing the street from the parking lot of Georgia-Pacific Corporation (“the employer”) to the employer’s plant entrance to begin his shift on December 4, 2004. Brunson and his wife Charity Brun-son sued, among others, the employer and Lucas. Brunson sought and received workers’ compensation benefits from the employer. The Brunsons sought damages from Lucas, alleging that he had negligently or wantonly injured Brunson.
 
 [1]
 
 Lucas moved for a summary judgment, arguing that the Brunsons were precluded from maintaining an action against him by virtue of the immunity extended to co-employees for negligent and wanton acts
 
 *1275
 
 by Ala.Code 1975, § 25-5-11 and § 25-5-14. The trial court entered a judgment in favor of Lucas, and the Brunsons appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
 
 [2]
 
 We affirm.
 

 The legislature has clearly expressed its intent to provide immunity to co-employees except in cases involving willful conduct:
 

 “The Legislature finds that actions filed on behalf of injured employees against officers, directors, agents, servants, or employees of the same employer seeking to recover damages in excess of amounts received or receivable from the employer under the workers’ compensation statutes of this state and predicated upon claimed negligent or wanton conduct resulting in injuries arising out of and in the course of employment are contrary to the intent of the Legislature in adopting a comprehensive workers’ compensation scheme and are producing a debilitating and adverse effect upon efforts to retain existing, and to attract new industry to this state. Specifically, the existence of such causes of action places this state at a serious disadvantage in comparison to the existing laws of other states with whom this state competes in seeking to attract and retain industrial operations which would provide better job opportunities and increased employment for people in this state. The existence of such causes of action, and the consequent litigation resulting therefrom, results in substantial costs and expenses to employers which, as a practical matter, must either procure additional liability insurance coverage for supervisory and management employees or fund the costs of defense, judgment or settlement from their own resources in order to retain competent and reliable personnel. The existence of such causes of action has a disruptive effect upon the relationship among employees and supervisory and management personnel. There is a total absence of any reliable evidence that the availability of such causes of action has resulted in any reduction of the number or severity of on-the-job accidents or of any substantial improvement on providing safe working conditions and work practices. The intent of the Legislature is to provide complete immunity to employers and limited immunity to officers, directors, agents, servants, or employees of the same employer and to the workers’ compensation insurance carrier and compensation service companies of the employer or any officer, director, agent, servant, or employee of such carrier or company and to labor unions and to any official or representative thereof, from civil liability for all causes of action except those based on willful conduct and such immunity is an essential aspect of the workers’ compensation scheme. The Legislature hereby expressly reaffirms its intent, as set forth in Section 25-5-53, as amended herein, and Sections 25-5-144 and 25-5-194, regarding the exclusivity of the rights and remedies of an injured employee, except as provided for herein.”
 

 Ala.Code 1975, § 25-5-14.
 

 Sections 25-5-11 and 25-5-53 also express the intent to extend immunity to co-employees except in cases involving willful conduct on the part of the co-employee.
 

 
 *1276
 
 “The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, his or her personal representative, parent, dependent, or next of kin, at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly liable for personal injury to or death of the employer’s employee, for purposes of this chapter, whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment.
 
 In addition, immunity from civil liability for all causes of action except those based upon willful conduct shall also extend to
 
 the workers’ compensation insurance carrier of the employer; to a person, firm, association, trust, fund, or corporation responsible for servicing and payment of workers’ compensation claims for the employer; to an officer, director, agent, or employee of the carrier, person, firm, association, trust, fund, or corporation; to a labor union, an official, or representative thereof; to a governmental agency providing occupational safety and health services, or an employee of the agency; and to an officer, director, agent, or
 
 employee of the same employer,
 
 or his or her personal representative. Nothing in this section shall be construed to relieve a person from criminal prosecution for failure or neglect to perform a duty imposed by law.”
 

 § 25-5-53 (emphasis added). Section 25-5-ll(a) reads, in pertinent part:
 

 “If the injury or death for which compensation is payable under Articles 3 or 4 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not the party is subject to this chapter, the employee, or his or her dependents in case of death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and at the same time, may bring an action against the other party to recover damages for the injury or death, and the amount of the damages shall be ascertained and determined without regard to this chapter.
 
 If a party, other them the employer, is a
 
 workers’ compensation insurance carrier of the employer or any person, firm, association, trust, fund, or corporation responsible for servicing and payment of workers’ compensation claims for the employer, or any officer, director, agent, or employee of the carrier, person, firm, association, trust, fund, or corporation, or is a labor union, or any official or representative thereof, or is a governmental agency providing occupational safety and health services, or an employee of the agency, or is an officer, director, agent, or
 
 employee of the same employer,
 
 or his or her personal representative,
 
 the injured employee, or his or her dependents in the case of death, may bring an action against
 
 any workers’ compensation insurance carrier of the employer or any person, firm, association, trust, fund, or corporation responsible for servicing and payment of workers’ compensation claims for the employer, labor union, or the governmental agency,
 
 or person,
 
 or his or her personal representative,
 
 only for willful conduct which results in or proximately causes the injury or death.”
 

 (Emphasis added.)
 

 Our supreme court has construed §§ 25-5-11, 25-5-14, and 25-5-53 to extend immunity to co-employees of injured
 
 *1277
 
 employees who are entitled to receive workers’ compensation benefits unless the injured employee can prove that the injury was caused by willful conduct on the part of the co-employee.
 
 See Ex parte Newton,
 
 895 So.2d 851, 854 (Ala.2004) (quoting § 25-5-14 and stating that “[t]he Workers’ Compensation Act ... provides immunity to co-employees ‘from civil liability for all causes of action except those based on
 
 willful conduct
 
 ’ ”);
 
 Reed v. Brunson,
 
 527 So.2d 102, 118 (Ala.1988) (stating that section § 25-5-11 “limits and employee’s claim for damages, where workers’] compensation benefits are payable, in actions against[, among others, co-employees] to actions in which willful conduct results in or proximately causes the injury or death”).
 

 “Under Alabama’s [workers’] compensation laws, an injured worker who has elected to receive benefits under the compensation system may pursue a civil action against a co-employee only if the injury sustained by the worker resulted from the ‘willful conduct’ of the co-employee. Ala.Code 1975, §§ 25-5-ll(b), -53;
 
 Reed v. Brunson,
 
 527 So.2d 102 (Ala.1988).”
 

 Turnbow v. Kustom Kreation Vans,
 
 535 So.2d 132, 134 (Ala.1988).
 

 In his summary-judgment motion, Lucas focused heavily on whether Brunson and Lucas were in the course of their employment when the accident occurred. In general, an employee is not entitled to workers’ compensation benefits for an injury sustained while traveling to and from his or her place of employment; however, one exception to that rule permits an employee to recover compensation benefits if he or she is injured while in a parking lot owned and maintained by his or her employer.
 
 See, generally, Hughes v. Decatur Gen. Hosp.,
 
 514 So.2d 935 (Ala.1987). Indeed, in
 
 Hughes,
 
 our supreme court considered whether the deceased employee who was killed while crossing a public street after the conclusion of her shift at the hospital had been killed in the course of her employment.
 
 Hughes,
 
 514 So.2d at 937. The court discussed the general rule that employer-owned parking areas are considered to be part of the employer’s premises even if separated from the main premises of the employer and the majority rule that injuries incurred on a public street or other off-premise area between the employer’s place of business and its parking lot are considered to arise out of or in the course of employment if that street or area is a necessary route between the two premises.
 
 Id.
 
 Based on these general rules, the supreme court concluded that the deceased employee was killed in the course of her employment and that, as a result, her estate could not sue the hospital for wrongful death because the Workmen’s Compensation Act provided the exclusive remedy for her death.
 
 Id.
 
 at 938. Thus, the trial court in this case, concluding that the exception outlined in
 
 Hughes
 
 applied, and noting that Brunson had availed himself of that exclusion to receive compensation benefits from the employer, found Lucas immune from the Brunsons’ negligence and wantonness claims.
 

 The Brunsons focus their argument on appeal on the fact that cases involving whether an accident in an employer-owned parking area occurred within the line and scope of one’s employment focus solely on whether
 
 the injured employee
 
 was injured in the course of his or her employment. The Brunsons contend that the trial court wrongly focused on whether Brunson was injured in the course of his employment at the time of the accident to determine whether Lucas should be liable for Brun-son’s injuries. Instead, they argue, the focus should have been on whether
 
 Lucas
 
 was in the course of his employment as he
 
 *1278
 
 drove out of the parking lot after concluding his shift. They rely on
 
 Wells v: Anderson,
 
 8 Kan.App.2d 431, 659 P.2d 833 (1983), in which the Kansas Court of Appeals considered whether co-employee immunity should be limited to those cases in which the co-employee would also be covered by the compensation law. Ultimately, after briefly surveying the conclusions reached by some other states that had considered the issue, the Kansas court decided that “a co-employee is immune only if he would have been entitled to receive compensation had he been injured in the same accident.”
 
 Wells,
 
 8 Kan.App.2d at 434, 659 P.2d at 836.
 

 The language used in § 25-5-14 indicates that the legislature has conditioned co-employee immunity on the receipt of or eligibility for workers’ compensation benefits. Based on that language and the similar language of § 25-5-11 and § 25-5-53, our supreme court has indicated in its opinions that co-employee immunity is tied to the receipt of or entitlement to receive workers’ compensation benefits.
 
 Turnbow,
 
 535 So.2d at 134;
 
 Reed,
 
 527 So.2d at 113. Because the supreme court has at least implicitly determined this issue, we are not at liberty to consider the Brunsons’ argument that a co-employee must also be acting in the course of his or her employment in order to be entitled to co-employee immunity.
 
 [3]
 
 We conclude that the trial court properly considered Brunson’s entitlement to and acceptance of workers’ compensation benefits to trigger co-employee immunity for Lucas. Therefore, we affirm the judgment of the trial court.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
 

 MOORE, J., recuses himself.
 

 [1]
 

 . Charity Brunson asserted a loss-of-consortium claim.
 

 [2]
 

 . We remanded the case to the trial court for the entry of an order pursuant to Rule 54(b), Ala. R. Civ. P., because the Brunsons' claims against certain other defendants had not yet been resolved. The trial court entered the certification, rendering the judgment in favor of Lucas final.
 

 [3]
 

 . Even were we to consider the Brunsons' argument that we must examine whether Lucas was in the course of his employment at' the time the accident occurred, we would still affirm the trial court's summary judgment in favor of Lucas because he, like Brunson, was in the course of his employment while leaving the parking lot owned by his employer after the conclusion of his shift.
 
 See Hughes,
 
 514 So.2d at 937.